IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH LITTLE, :
:
Petitioner :
: CIVIL NO. 4:09-CV-0624
:
v. : (Judge Jones)
:
WARDEN T.R. SNIEZEK, :
:
Respondent :

**MEMORANDUM**

April 29, 2009

Kenneth Little ("Petitioner" or "Little"), an inmate presently confined at the Federal Correctional Institution - Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) He raises various challenges to his 2005 District of Columbia conviction. He has paid the required $5.00 filing fee. (*See* Doc. 4.) For the reasons set forth below, this action will be transferred to the United States District Court for the District of Columbia.

I.  BACKGROUND

Petitioner states that, on November 29, 2005, he was sentenced in the District of Columbia Superior Court to consecutive sentences of imprisonment of 50 months, 38 months, 36 months, and 24 months. (Doc. 1 at 2.) Petitioner was sentenced after

pleading guilty to charges of attempted second degree burglary, first degree theft, "uttering," and unauthorized use of a vehicle. (*Id.*) Petitioner states that he did not file an appeal and has not filed any prior petitions or motions challenging his conviction. (*Id.* at 2-3.)

In the instant Petition, Little challenges his sentence on the following grounds: (1) his attorney did not provide proper representation and coerced him into waiving a preliminary hearing; (2) he did not commit first degree burglary; (3) he was improperly charged with the offenses to which he pled guilty; (4) the prosecutor committed misconduct and Petitioner's counsel was ineffective; (5) he was coerced by his attorney into taking the guilty plea; and (6) his pre-sentence report was inaccurate. (*See* Doc. 2, Memorandum of Law, at 3-8.)

## II. DISCUSSION

Preliminarily, the Court notes that, although Petitioner filed the Petition pursuant to 28 U.S.C. § 2241, District of Columbia offenders are considered state prisoners for purposes of the federal habeas corpus statutes. *Madley v. United States Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002). As a state prisoner in custody pursuant to the judgment of a state court, Little must rely on 28 U.S.C. § 2254 to bring claims challenging the validity or the execution of his conviction and

sentence. *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). Thus, the Petition will be construed as a petition brought pursuant to § 2254.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]....' '[T]hese provisions contemplate a proceeding against some person who has the *immediate* custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (emphasis in original) (citations omitted). There is no question that this Court has jurisdiction over Little's Petition.

However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir. 2000). Title 28 U.S.C. § 1391(b) provides as follows:

3

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391.

As previously noted, Little is challenging a District of Columbia Superior Court conviction. The trial court is located within the jurisdiction of the United States District Court for the District of Columbia. All records of conviction, transcripts of proceedings, witnesses, counsel, and conviction records are likewise located within the District of Columbia. Thus, for the convenience of the parties and in the interest of justice the action will be transferred to the United States District Court for the District of Columbia. An appropriate order shall enter.